```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
────────────────────────────────────────
AUDREY BRETILLOT,

                    Plaintiff,          14 Civ. 7633
                                        (JGK)(MHD)
          - against -
                                        MEMORANDUM OPINION
CLIVE BURROW, ET AL.,                   AND ORDER

                    Defendants.
────────────────────────────────────────
```

**JOHN G. KOELTL, District Judge:**

The Court has received the Report and Recommendation of Magistrate Judge Dolinger, dated June 30, 2015. That Report and Recommendation concerns the efforts by the petitioner, Daniel Abraham, to obtain various forms of relief from the plaintiff, Audrey Bretillot. In particular, the petitioner sought a charging lien and a retaining lien. He also sought what he described as a "quasi-retaining lien" which would have prohibited the plaintiff from relying on various copyrights at issue in this case. The petitioner also sought a "remedy in quantum meruit." The total amount of fees that the petitioner sought was $14,300. (See Pet'r's Mem. at 5-8, 10, Mar. 11, 2015).

After a thorough and well-reasoned 78 page Report and Recommendation the Magistrate Judge recommended that the petitioner's request for a charging lien be denied and the request for a retaining lien be granted, although it is doubtful

that the petitioner had any records that the plaintiff would seek to use in this case. (R. & R. at 20, 27-28). The Magistrate Judge also recommended that the Court deny the request to preclude the plaintiff from relying on copyrights that had been obtained and which the petitioner asserted were obtained through his efforts because such relief was not supported by any legal authority. (Id. at 30-32).

 The Magistrate Judge also analyzed the petitioner's claim for quantum meruit relief, and found the amount sought to be exaggerated. (Id. at 45). The true value of the service performed, in excess of an initial amount of $10,000 that had already been paid, amounted to only $9,440. (Id.). However, the Magistrate Judge recommended that the claim for quantum meruit relief be denied without prejudice, primarily because it was unclear whether the plaintiff was responsible for the payment of the petitioners' fees. (Id. at 50-55). The plaintiff denied that she was responsible and the retainer agreement was between the petitioner and Mr. Feerst, the original lead counsel for the plaintiff whom the plaintiff ultimately terminated. (See Pet'r's Mem. Ex. 1, Mar. 11, 2015). While the plaintiff paid the initial retainer for the petitioner, she did so with a check payable to Mr. Feerst. (Bretillot Decl. at ¶¶ 3-12, Mar. 18, 2015). The Magistrate Judge correctly concluded that there were disputed issues of fact whether the plaintiff or Mr. Feerst, who is not a

2

party in this action, should be responsible for the petitioner's fees. (R. & R. at 59-60). It was therefore recommended that the quantum meruit claim be dismissed without prejudice to allow the petitioner to bring a separate plenary action in quantum meruit where all the interested parties will be "afforded the tools and stages of litigation." (Id. at 60).

Finally, the Magistrate Judge recommended that the plaintiff's application to seal the papers associated with the petitioner's fee motion be granted. (Id. at 71). The Magistrate Judge also recommended that the defendants be precluded from using those documents in the course of the litigation and that they be ordered to destroy whatever copies that remain in their possession or control at the conclusion of the litigation. (Id. at 77).

The only objections that were filed to the Report and Recommendation were the ones filed by the petitioner (Pet'r's Mem. in Opp'n, Aug. 18, 2015 ["Objections"]). Those objections are without merit and the Court therefore adopts the Report and Recommendation in its entirety.

A few additional comments on the Objections are in order. The Objections could not reasonably be the basis for rejecting the well-reasoned Report and Recommendation. The Objections fail to cite a single legal authority, and refer generally to the Record of submissions to the Magistrate Judge but fail to cite

3

to a single document with citation to the Record. Such Objections are the equivalent of no Objections and fail for their own lack of substance. See, e.g., Watkins v. Smith, 561 F. App'x 46, 47-48 (2d Cir. 2014) (summary order) (finding appeals with briefs "nearly barren of citations and devoid of any relevant authority" but consisting of "unsubstantiated ad hominem attacks against other members of the bar and the judiciary" so frivolous as to warrant sanction); Gortat v. Capala Brothers, Inc., No. 07cv3629 (ILG), 2010 WL 3417847, at *1 (E.D.N.Y. Aug. 27, 2010) (finding that the defendants' objection to a Magistrate Judge's order was "completely devoid of citation to legal authorities", and should "arguably fail on that basis alone")

On their face, the Objections also misstate the Record as explained by the Magistrate Judge. The Objections contend that the Magistrate Judge "found" that the "[p]etitioner is entitled to recover an award in quantum meruit." (Objections at 1, 12). Those statements are at best misleading. The Magistrate Judge found that there were disputed issues of fact that precluded a finding that the plaintiff was liable for a quantum meruit award to the petitioner for the petitioner's claimed fees. (R. & R. at 46-55, 58). The petitioner simply underscores these issues of fact – which could not have been decided on the current application – when he excoriates the plaintiff's submission to

4

the Magistrate Judge (although without a specific citation to the Record): "Plaintiff's claim that she was 'unaware that she was liable for additional payment' is a tissue of lies . . . ." (Objections at 12). See also id. at 13 ("The fact that she has not done so – has studiously avoided doing so – is a telling blow against her veracity.").

The petitioner resists the notion that any discount should be taken from the amount that he claims is owed based on his time sheets. (Id. at 14). However, the petitioner fails to address any of the problems that the Magistrate Judge explained with respect to the petitioner's time entries and the petitioner fails to cite any authority to counter the Magistrate Judge's discount from the petitioner's time sheets. (R. & R. at 43-45 (finding a number of the entries in the petitioner's time records vague or otherwise incomprehensible, several entries where the calculated hours worked failed to match the start and end time recorded, and a few entries that reflect a seemingly excessive amount for tasks described)).

Perhaps most troubling, despite their lack of legal authority or citations to the Record, the Objections are filled with invective not only against the plaintiff, but also against the Magistrate Judge. Portions of the Report are described as "absurd" (Objections at 12), "nonsensical" (id. at 13), as having "no reasonable basis" (id. at 14), and "wholly

incomprehensible" (id. at 16). The Objections also contain the following statement that approaches or exceeds the threshold for sanctionable conduct: "the Report takes great pains to concoct a grossly-reduced bill based upon a wholly-invented formula. Petitioner will not dignify this prevarication by responding to it directly." (Id. at 14). See Koehl v. Bernstein, 740 F.3d 860 (2d Cir. 2014) (case dismissed with prejudice because of the offensive, abusive, and insulting language by the pro se plaintiff against the Magistrate Judge); Phelan v. Karandy, No. 9:11-CV-636 (NAM/RFT), 2012 WL 2235125, at *2 (N.D.N.Y. June 15, 2012) (dismissing the complaint of a pro se plaintiff with prejudice for, among other things, the plaintiff's offensive and unfounded remarks asserting the Magistrate Judge presiding over the case was lying); In re Henderson, No. 6:09-cv-714, 2009 WL 5030788, at *1 (N.D.N.Y. Dec. 14, 2009) (warning appellants that continued personal attack against a bankruptcy judge, including baselessly accusing the judge of making false statements, "will be dealt with in the harshest available manner").

## CONCLUSION

At this point it is sufficient to find that the Objections are wholly without merit and are overruled. The Court adopts the Report and Recommendation. The petitioner's applications for a charging lien and a "quasi-retaining lien" are denied. The

petitioner's application for retaining lien is granted in the amount of $9,440. The petitioner's application for a judgment in quantum meruit is denied without prejudice. The documents pertaining to this application should remain under seal. The defendants are precluded from using the documents and they are ordered to destroy whatever copies of these documents that remain in their possession or control at the conclusion of the litigation.

**SO ORDERED**

**Dated:**     **New York, New York**
            **October 24, 2015**

_____/s/_____
               **John G. Koeltl**
         **United States District Judge**